Thomas J. Miller, Esq.
**JAROSLAWICZ & JAROS, PLLC**
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

------------------------------------------------------------------------------x

JAMES ONG CO,

                                      Plaintiff,

      -against-

YAKOV RUBIN, ELI T. FEILER,
TOYOTA LEASE TRUST, BLUEBERRY LEASING, LLC, and
OCT PARTNERSHIP d/b/a GATEWAY TOYOTA,

                                    Defendants.

**2:18-cv-13948 (KM) (MAH)**

**FIRST AMENDED**
**COMPLAINT AND**
**JURY DEMAND**

------------------------------------------------------------------------------x

Plaintiff, JAMES ONG CO ("Co"), states the following as his Complaint against the Defendants:

**THE PARTIES**

1. At all times hereinafter mentioned, the plaintiff Co is a citizen of the Philippines, and currently resides at 91 Boerum Street, Brooklyn, New York 11206.

2. At all times hereinafter mentioned, the defendant YAKOV RUBIN ("Rubin") is a citizen of the State of New Jersey, Ocean County and resides at 521 Monmouth Avenue, Lakewood, New Jersey 08701.

1

3. At all times hereinafter mentioned, the defendant ELI T. FEILER ("Feiler") is a citizen of the State of New Jersey, Essex County and resides at 1 McNeal Court, West Orange, New Jersey 07052.

4. At all times hereinafter mentioned, the defendant TOYOTA LEASE TRUST ("Toyota Lease") was a Delaware statutory trust, doing business in the State of New Jersey with their principal place of business at 300 Delaware Avenue, 9th Floor, Wilmington, Delaware 19801.

5. At all times hereinafter mentioned, the defendant BLUEBERRY LEASING, LLC ("Blueberry Leasing") was a corporation with its principal place of business located at 315 Monmouth Avenue, Lakewood, New Jersey 08701.

6. At all times hereinafter mentioned, the defendant OCT PARTNERSHIP d/b/a GATEWAY TOYOTA ("Gateway Toyota") was a corporation with its principal place of business located at 395 Route 37 E. Tom's River, New Jersey 08753.

7. At all times hereinafter mentioned, upon information and belief, defendant Rubin was an employee, agent, servant and/or representative of defendants Feiler and/or Toyota Lease and/or Blueberry Leasing and/or Gateway Toyota.

8. At all times hereafter mentioned, upon information and belief, defendant Rubin was acting within the scope of his employment and/or agency for Feiler and/or Toyota Lease and/or Blueberry Leasing and/or Gateway Toyota.

9. At all times hereinafter mentioned, the Garden State Parkway in the vicinity of milepost 131.2 is a public roadway and thoroughfare located in Woodbridge Township, Middlesex County, New Jersey.

10. At all times hereinafter mentioned, on June 12, 2018, plaintiff Co operated a 2004 Hyundai Elantra motor vehicle bearing plate no. S89JNX.

11. At all times hereinafter mentioned, on June 12, 2018, defendant Rubin operated, maintained and controlled a 2015 Toyota Sienna motor vehicle bearing plate no. W52FWE (the "Rubin Vehicle").

12. At all times hereinafter mentioned, on June 12, 2018, defendant Feiler owned, operated through his employee and/or agent defendant Rubin, maintained and controlled the Rubin Vehicle.

13. At all times hereinafter mentioned, on June 12, 2018, defendant Toyota Lease Trust owned, operated through their employee and/or agent defendant Rubin, maintained and controlled the Rubin Vehicle.

14. At all times hereinafter mentioned, on June 12, 2018, defendant Blueberry Leasing owned, operated through their employee and/or agent defendant Rubin, maintained and controlled the Rubin Vehicle.

15. At all times hereinafter mentioned, on June 12, 2018, defendant Gateway Toyota owned, operated through their employee and/or agent defendant Rubin, maintained and controlled the Rubin Vehicle.

## JURISDICTION AND VENUE

16. Plaintiff is a citizen of the Philippines as set forth above.

17. Defendants are citizens of the State of New Jersey and Delaware as set forth above.

18. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

19. Venue is properly placed in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391 in that the events occurred here, defendants reside in the District of New Jersey, and as witnesses are located in New Jersey it is the most convenient place for trial.

## THE UNDERLYING FACTS

20. On June 12, 2018, at approximately 9:00 p.m., plaintiff was operating the Co Vehicle in the vicinity of the Garden State Parkway South in the area of milepost 131.2, in Woodbridge Township, Middlesex County, New Jersey.

21. On June 12, 2018, at approximately 9:00 p.m. defendant Rubin was operating the aforementioned Rubin Vehicle owned by co-defendants Feiler and Toyota Lease in the vicinity of the Garden State Parkway South in the area of milepost 131.2, in Woodbridge Township, Middlesex County, New Jersey.

22. Upon information and belief, Blueberry Leasing acts as an agent, servant, and/or intermediary on behalf of Gateway Toyota and/or Toyota Lease to seek out and provide lessees to lease vehicles from Gateway Toyota and/or Toyota Lease, the owner/lessor.

23. Upon information and belief, Gateway Toyota and/or Toyota Lease relied upon and/or employs as their agents, servants, and/or representatives Blueberry Leasing and its agents, including Rubin, to deliver and/or return leased vehicles.

24. Upon information and belief, at all times hereinafter mentioned, on June 12, 2018, Rubin was acting as an employee, agent, servant and/or representative of Feiler, Blueberry Leasing, Gateway Toyota and/or Toyota Lease in operating and controlling the Rubin Vehicle.

25. Upon information and belief, at all times hereinafter mentioned, on June 12, 2018, Rubin was acting under the control of Feiler and/or Toyota Lease and/or Blueberry Leasing and/or Gateway Toyota in operating and controlling the Rubin Vehicle.

26. On June 12, 2018, at approximately 9:00 p.m., the Rubin Vehicle struck the Co Vehicle in the rear as a result of which plaintiff has sustained serious permanent personal injuries.

27. A copy of the New Jersey Crash Investigation Report dated June 12, 2018 is annexed hereto as Exhibit A.

28. Due to the recklessness, carelessness and negligence of the defendants, plaintiffs were caused to be seriously injured as a result of the incident.

## **FIRST COUNT AS AGAINST THE DEFENDANTS**

*29.* At all times hereinafter mentioned, plaintiffs' injuries were in no way caused by any carelessness or negligence on the part of the plaintiffs but were solely and wholly due to defendants, who were reckless, careless and negligent in the ownership, operation, management, entrustment, maintenance and control of their vehicle; in colliding with plaintiff; in operating their vehicle at an excessive rate of speed; in failing to yield to the right of way; in failing to obey traffic signs; in failing to see what should be seen; in failing to maintain a safe distance; in failing to keep a proper lookout; in failing to exercise due care; in failing to make proper and timely use of brakes, horns, and other

5

devices; in failing to exercise a last clear chance to avoid a collision; in violating applicable laws, statutes, rules and regulations including but not limited to N.J.S.A. §§39.4-83; 39.4-98; 39.4-115; 39.4-116; 39.4-123; 39.4-126; 39.4-144 and 39.4-215 and defendants were otherwise reckless, careless and negligent.

30. That as a direct and proximate result of defendants' negligence, plaintiff Co was caused to suffer severe and permanent personal injuries, including, but not limited to, injury to his head, neck, back; multiple fractured ribs; head laceration requiring sutures; fractured right scapula; brain hemorrhage; constant headaches; forgetfulness; loss of consciousness; traumatic brain injury; unable to engage and perform everyday activities as previously; difficulty sleeping; extreme confusion and disorientation; required hospital and medical care and will require such care and treatment in the future; requires physical therapy and future surgeries likely; extreme pain and suffering; mental anguish and distress; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

31. Plaintiff Co has suffered serious injuries exceeding the applicable threshold.

32. Plaintiff Co is not seeking to recover any monies which are paid or should be paid through Personal Injury Protection (PIP)/No-Fault Insurance.

33. If Plaintiff executes a release in this action, plaintiff does not intend to release any claims by any insurance carrier for any monies paid for PIP/No-Fault benefits or any claims for subrogation or any claims other than the plaintiff's own claims for pain and suffering and the amount of special damages exceeding those paid under PIP/No-Fault.

34. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants.

WHEREFORE, plaintiffs request that the court enter judgment in their favor as against the defendants in actual damages together with interest, costs of suit and such other relief this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Thomas J. Miller, Esq. as trial counsel in this matter.

> Jaroslawicz & Jaros, PLLC
> Attorneys for Plaintiffs
>
> *[signature]*
>
> Thomas J. Miller
> 225 Broadway, 24th Floor
> New York, New York 10007
> (212) 227-2780

Dated: May 14, 2019